IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| PEDRO J. LOZADA-RODRÍGUEZ, ET AL.,<br><br>Plaintiff,<br><br>v.<br><br>HOSP. HIMA HUMACAO, ET AL.,<br><br>Defendant. | CIV. NO.: 10-2255(SCC) |

## MEMORANDUM AND ORDER

Below, we consider four motions in limine filed by Plaintiffs, *see* Docket Nos. 188–91.

### I. Plaintiffs' Motion to Preclude Defendants from Asking Leading Questions of Certain Witnesses (Docket No. 188)

Plaintiffs, as part of their case-in-chief, will call as witnesses Nilsa Cruz and Defendant Dr. Rivera. Both are adverse

witnesses,[1] and, pursuant to Federal Rule of Evidence 611(c), Plaintiffs may ask of them leading questions. Plaintiffs request, additionally, that we prohibit Defendants from asking leading questions of these same witnesses on cross-examination.

Rule 611 provides that leading questions should "[o]rdinarily" be permitted on cross-examination. FED. R. EVID. 611(c)(1). According to the Advisory Committee, the reason for including that qualification was "to furnish a basis for denying the use of leading question when the cross-examination is cross-examination in form only and not in fact." FED. R. EVID. 611(c) advisory committee's note. The primarily example that the Advisory Committee gives of cross-examination in form only is precisely the situation confronting us here: "'cross-examination' of a party by his own counsel after being called by the opponent." *Id.* Likewise, Mueller and Kirkpatrick suggest that it is most appropriate to limit the circumstances in which *both* parties are allowed to ask a witness leading questions to situations where the witness is "hostile to both parties." 3 CHRISTOPHER MUELLER, ET AL., FEDERAL EVIDENCE § 6:71 (4th

---

1. Dr. Rivera is a co-defendant in this case; Nilsa Cruz is an employee of Co-Defendant Hospital HIMA and, therefore, "a witness identified with an adverse party." FED. R. EVID. 611(c)(2).

ed.); *see also id.* ("[I]f th calling party is allowed for some reason to lead on direct . . . it is often appropriate to confine the cross-examiner to nonleading questions."). That said, it is within the court's discretion whether to permit the defendants to ask leading questions of friendly witnesses on cross-examination. *See Ardoin v. J. Ray McDermott & Co., Inc.*, 684 F.2d 335, 336 (5th Cir. 1982). Here, Defendants have not filed any opposition to Plaintiffs' motion, and we see no reason not to apply the general rule that a party may not ask leading questions of friendly witnesses. Accordingly, Plaintiffs' motion is GRANTED.

## II. Plaintiffs' Motion to Preclude Defendant Dr. Jorge Rivera-Rivera from Relying on the Good Samaritan Doctrine (Docket No. 189)

According to his portion of the Proposed Pretrial Order Dr. Rivera was, at the time of the events giving rise to this case, "working in the Emergency Room, at Hospital HIMA Humacao." Docket No. 182, at 14. Nonetheless, he claims that he may rely upon the Good Samaritan Doctrine because "he was called to render emergency care under circumstances in whihc he had no legal obligation to act." *Id.* at 19. Plaintiffs filed a motion in limine seeking to preclude Dr. Rivera from

relying on this defense on the grounds that it is inapplicable to him. Docket No. 189. Given a chance to respond, *see* Docket No. 193, Dr. Rivera chose not to do so. He has therefore waived any arguments against Plaintiffs' motion.

In his portion of the Proposed Pretrial Order, Dr. Rivera does not flesh out his reasoning regarding the applicability of the Good Samaritan doctrine.[2] We find, however, that it cannot apply to his circumstances. First of all, Dr. Rivera was employed by Hospital HIMA and on shift during the relevant time period. As such, he was acting within the scope of his duty and he was not acting, as the doctrine requires, without the expectation of payment. *See Torres v. Mennonite Hosp. Inc.*, Civ. No. 12-1914(GAG), 2014 WL 56697, at *2 (D.P.R. Jan. 8, 2014) (holding that a doctor seeking the protection of the Good Samaritan doctrine must have been working free of charge (citing *Elias-Vega v. Chenet*, 147 D.P.R. 507, 514 (1999))). Second, under the bylaws that governed Dr. Rivera's relationship with the hospital, he, as an emergency room physician, was required both to institute life-saving emergency treatment *and* to care for

---

2. Puerto Rico's Good Samaritan law was created by Law No. 182 of August 17, 2012. Its elements are explained by *Elias-Vega v. Chenet*, 147 D.P.R. 507, 514 (1999), though that case dealt with an earlier statute.

LOZADA-RODRIGUEZ v. HOSP. HIMA HUMACAO                                    Page 5

patients when, as here, the patient's attending physicians are not available. *See* Docket No. 189-2. Dr. Rivera is barred from relying on or mentioning the Good Samaritan doctrine. Accordingly, the motion is GRANTED.

### III. Plaintiffs' Motion to Preclude Defendants From Referring to Plaintiffs' Dismissal of Drs. Torres and Ortíz (Docket No. 190)

Originally, Plaintiffs sued two other doctors, in addition to Dr. Rivera: Dr. Alexis Torres-Torres and Dr. José Ortíz-Feliciano. Subsequently, Plaintiffs requested that Drs. Torres and Ortíz be dismissed with prejudice, Docket No. 92; that request was granted by the Court, Docket No. 96. Plaintiffs now state that the dismissal of Drs. Torres and Ortíz were compromises covered by Federal Rule of Evidence 408. That Rule provides that "furnishing, promising, or offering—or accepting, promising to accept, or offering to accept—a valuable consideration in compromising or attempting to compromise [a] claim" is not admissible evidence to "prove or disprove the validity or amount of a disputed claim." FED. R. EVID. 408(a)(1).

Dr. Rivera opposes Plaintiffs' motion. Essentially, he notes that Plaintiffs intend to call Drs. Rivera and Ortíz as fact

witnesses. He argues, therefore, that the fact that they settled their claims with Plaintiffs may be mentioned to show their bias.[3] *See* FED. R. EVID. 408(b). At this juncture, however, we find that permitting reference to Drs. Torres and Rivera's dismissals would be of limited relevance and would be highly prejudicial. *See* FED. R. EVID. 403. We have no particular reason to think that Drs. Torres and Ortíz are biased against Dr. Rivera or in favor of Plaintiffs, and, of course, Defendants will be able to protect their interests through cross-examination. We think that without a stronger basis for questioning the doctors' impartiality, allowing reference to the dismissals would only confuse and mislead the jury. As such, Defendants are strictly prohibited from mentioning the fact of the settlements in the presence of the jury. The motion in limine is thus GRANTED.

## IV.  Plaintiffs' Motion to Preclude Defendants from Referring to or Presenting Evidence of the Opin-

---

**3.** Dr. Rivera also argues that Rule 408 does not apply because there are "no pending disputed claims" between Plaintiffs and Drs. Torres and Ortíz. Docket No. 196, at 1 (emphasis omitted). This argument misapprehends Rule 408's meaning. The "disputed claim" that is relevant to the Rule 408 analysis is between Plaintiffs and *Dr. Rivera himself*. The Rule thus prohibits Dr. Rivera from using the agreement between Plaintiffs and Drs. Torres and Ortíz to prove the invalidity of Plaintiffs claim against Dr. Rivera.

**ions of Plaintiffs' Former Expert Witness (Docket No. 191)**

Plaintiffs hired Dr. Norma Villanueva as an expert witness, but sometime later they chose not to use her report or testimony at trial. Now, however, Dr. Rivera has listed her expert reports, *curriculum vitae*, and deposition testimony as exhibits that he intends to use at trial. Plaintiff requests that we preclude Dr. Rivera from using any of this evidence. Essentially, Plaintiffs admit that Federal Rule of Evidence 804 might allow the admission of Dr. Villanueva's prior deposition testimony. *See* FED. R. EVID. 804(b)(1). However, Plaintiffs point out that Dr. Villanueva's deposition was taken before she rendered her amended expert report, and, as such, Plaintiffs did not have the opportunity to fully develop her testimony. *See* FED. R. EVID. 804(b)(1)(B) (requiring that the party against whom the testimony is to be admitted had "an opportunity and similar motive to develop it by direct, cross-, or redirect examination").

In his opposition, Dr. Rivera fails to respond to Plaintiffs' assertion regarding the post-deposition amended expert report, which is surely the strongest argument in Plaintiffs' favor. And without the benefit of a more on point opposition, we are in no place to doubt that Plaintiffs would be prejudiced

| |
|---|
| LOZADA-RODRIGUEZ v. HOSP. HIMA HUMACAO                              Page 8 |

by the admission of the testimony. As we understand it, the original report, about which Dr. Villanueva testified during her deposition, was not favorable to Plaintiffs; however, she subsequently issued another report wherein she said that her opinions changed. We think it obvious that Defendants should not be permitted to rely on Dr. Villanueva's deposition testimony given that Plaintiffs will not be able to ask her about the changes in her opinion, or what led her to amend the conclusions offered in her first report. As such, we must GRANT Plaintiffs' motion.

    IT IS SO ORDERED.

    In San Juan, Puerto Rico, this 19th day of February, 2014.

              S/ SILVIA CARREÑO-COLL
              UNITED STATES MAGISTRATE JUDGE